## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

JASON A. MASKEY, individually, and HUNTER )
A. MASKEY, a minor, by and through his Next )
Friend Jason A. Maskey,                     )
                                            )
              PLAINTIFFS,                  )
                                            )
vs.                                         )   Case. No.:
                                            )
                                            )
UNITED STATES OF AMERICA,                   )
                                            )   **JURY TRIAL DEMANDED**
              DEFENDANT.                   )

### COMPLAINT

COMES NOW Plaintiffs Jason A. Maskey, individually, and ▬▬▬▬▬▬▬, a minor, by and through his Next Friend Jason A. Maskey (collectively "Plaintiffs"), by and through counsel Spooner Law, LLC, and for Plaintiffs claims and causes of action against Defendant United States of America state to the Court as follows:

1. This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

2. Defendant United States of America ("Defendant") is before this Court pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b) and §2671, et. seq.

3. At all times relevant herein Plaintiff Jason A. Maskey, USN NE1 ("JAM") is a resident of the County of Adrian, State of Missouri, and was the spouse of Alicia L. Maskey, deceased.

4. At all times relevant herein Plaintiff ▬▬▬▬▬▬▬ ("HAM") is a minor of the age of one (1) year being born on September 17, 2008, and resides with his natural father and Next Friend JAM.

1

5.   Jurisdiction and venue are proper before this court as Plaintiffs are residence of and domiciled in the County of Adrian, State of Missouri.

6.   The following are the survivors and beneficiaries of a claim for the wrongful death of Alicia L. Maskey:

       i)      Jason A. Maskey, spouse;

       ii)     ██████████████, son;

       iii)     George Schafer, father; and

       iv)     Diane Schafer, mother.

7.   At all time relevant herein Naval Hospital Bremerton ("Naval Hospital"), located in the County of Kitsap, State of Washington, was owned, operated, managed and directed by Defendant.

8.   At all time relevant herein Alicia L. Maskey was a patient of Naval Hospital and under the care, supervision, control, treatment and guidance of the agents and employees of Naval Hospital.

9.   At all time relevant herein Naval Hospital held itself out as being a full service hospital able to provide medical, nursing, diagnostic testing and other medical services necessary to evaluate, diagnose and treat patients such as Alicia L. Maskey.

10.   At all times relevant herein, Steven Banks, LT MC USN, was an employee and/or agent of Defendant who provided medical care, treatment and oversight to Alicia L. Maskey at Naval Hospital.

11.   At all times relevant herein, J. M. Jagoe, CDR MC USN, was an employee and/or agent of Defendant who provided medical care, treatment and oversight to Alicia L. Maskey at Naval Hospital.

2

12. At all times relevant herein, Gregory Freitag, LCDR MC USN, was an employee and/or agent of Defendant who provided medical care, treatment and oversight to Alicia L. Maskey at Naval Hospital.

13. At all times relevant herein, Shannon Short, LT MC USN, was an employee and/or agent of Defendant who provided medical care, treatment and oversight to Alicia L. Maskey at Naval Hospital.

14. At all times relevant herein, Gregory Pirki, LT MC USN, was an employee and/or agent of Defendant who provided medical care, treatment and oversight to Alicia L. Maskey at Naval Hospital.

15. At all times relevant herein, C. McCarthy, ENS NC, was an employee and/or agent of Defendant who provided medical care, treatment and oversight to Alicia L. Maskey at Naval Hospital.

16. At all times relevant herein, Christine B. Larson was an employee and/or agent of Defendant who provided medical care, treatment and oversight to Alicia L. Maskey at Naval Hospital.

17. At all times relevant herein, Kristine Ewing was an employee and/or agent of Defendant who provided medical care, treatment and oversight to Alicia L. Maskey at Naval Hospital.

19. At all times relevant herein, David P. Murphy was an employee and/or agent of Defendant who provided medical care, treatment and oversight to Alicia L. Maskey at Naval Hospital.

20. At all times relevant herein, Masterrllar was an employee and/or agent of Defendant who provided medical care, treatment and oversight to Alicia L. Maskey at Naval Hospital.

3

21. At all times relevant herein, John Does as to be determined through discovery were employees and/or agents of Defendant who provided medical care, treatment and oversight to Alicia L. Maskey at Naval Hospital.

22. Alicia L. Maskey was born on July 8, 1988.

23. Alicia L. Maskey died on September 18, 2008.

24. Alicia L. Maskey's cause of death was cardiopulmonary arrest due to complications associated with preeclampsia.

25. On September 15, 2008 Alicia L. Maskey was at 38 weeks gestation and presented to Naval Hospital for a scheduled prenatal visit. At that time it was determined to admit Alicia L. Maskey to Naval Hospital labor and delivery triage. Shortly upon admission Alicia L. Maskey was diagnosed by Naval Hospital staff with preeclampsia and by Dr. Larson with mild preeclampsia.

26. At all times material, Naval Hospital had a duty to provide adequate, sufficient and non-negligent medical, diagnostic and other health-related care to Alicia L. Maskey, by and through its medical and nursing staff within the applicable standards of care. Defendant, by and through Naval Hospital, undertook and agreed to provide such care to Alicia L. Maskey.

27. The medical and nursing staff of Naval Hospital deviated from appropriate standards of reasonable medical care in treating Alicia L. Maskey in the following ways, including:

      (a)    Negligently failed to properly manage, evaluate and/or treat Alicia L. Maskey's HELLP syndrome;

      (b)    Negligently failed to properly manage, evaluate and/or treat Alicia L. Maskey's preeclampsia;

4

(c)     Negligently failed to have a medical doctor evaluate Alicia L. Maskey;

(d)     Negligently failed to diagnose and treat Alicia L. Maskey preeclampsia and/or HELLP syndrome;

(e)     Negligently failed to perform adequate and proper diagnostic testing;

(f)     Negligently failed to prescribe appropriate medical therapy;

(g)     Negligently failed to provide reasonable and appropriate nursing care to Alicia L. Maskey;

(h)     Negligently failed to recognize, properly evaluate and provide treatment for Alicia L. Maskey's preeclampsia and/or HELLP syndrome;

(i)     Negligently failed to properly assess, monitor and manage Alicia L. Maskey's preeclampsia medical condition;

(j)     Negligently failed to properly assess, monitor and manage Alicia L. Maskey's HELLP syndrome medical condition;

(k)     Negligently failed to provide nursing and medical staff that were properly educated, trained and with sufficient experience to manage a patient such as Alicia L. Maskey with preeclampsia and/or HELLP syndrome;

(l)     Negligently provided an improperly educated and trained, and inexperienced nursing and medical staff to provide medical care to Alicia L. Maskey; and

(m)     Negligently failed to refer Alicia L. Maskey to an appropriate medical specialist for further evaluation, care and treatment for her preeclampsia and/or HELLP syndrome.

5

28. As a direct and proximate result of the negligence of Defendant, Alicia L. Maskey died on September 18, 2008.

29. Plaintiffs properly filed Administrative Claims with the Office of the Judg Advocate General, Tort Claims unit Norfolk, Virginia. Six (6) months from the date of filing of all claims has elapsed.

30. All conditions precedent for bringing this action have occurred or have been waived.

### COUNT I - NEGLIGENCE

COMES NOW Plaintiffs, by and through counsel Spooner Law, LLC, and for Count I of Plaintiffs' claims and causes of action against Defendant United States of America state to the Court as follows:

31. Plaintiffs reallege and incorporate by reference the averments contained in paragraphs 1 through 30 as if fully set out herein.

32. As a further direct and proximate result of the negligence of the Defendant, HAM suffered the loss of his mother's parental companionship, instruction and guidance in the future. He has experience great mental pain and suffering from the date of her death and will continue to experience great mental pain and suffering in the future.

33. As a further direct and proximate result of the negligence of the Defendant, JAM suffered the loss of his spouse's companionship, instruction and guidance in the future. He has experience great mental pain and suffering from the date of her death and will continue to experience great mental pain and suffering in the future.

34. As a further direct and proximate result of the negligence of the Defendant, George Schafer and Diane Schafer have suffered the loss of their daughter. They have experienced great mental pain and suffering in the past and will continue to experience mental pain and suffering in the future.

6

35.  As a further direct and proximate result of the negligence of the Defendant, Plaintiffs have also incurred medical and funeral expenses.

WHEREFORE, Plaintiffs pray for judgment against Defendant in such sum as is fair and reasonable in excess of $75,000.00, for court costs herein and for such other and further relief as the Court deems just and proper.

## COUNT II - WRONGFUL DEATH

COMES NOW Plaintiffs, by and through counsel Spooner Law, LLC, and for Count II of Plaintiffs' claims and causes of action against Defendant United States of America state to the Court as follows:

36.  Plaintiffs reallege and incorporate by reference the averments contained in paragraphs 1 through 35 as if fully set out herein.

37.  As a direct and proximate result of the death of Alicia L. Maskey, HAM has sustained, and is reasonably certain to sustain in the future, damages as follows: HAM has lost his mother's parental companionship, services, consortium, comfort, instruction, counsel and support of which HAM has been deprived by reason of Alicia L. Maskey's death; HAM is entitled to such damages as Alicia L. Maskey suffered between the time of her injury and the time of her death and for the recovery of which Alicia L. Maskey might have maintained an action had her death not ensued, including conscious pain and suffering, and similar damages.

38.  As a further direct and proximate result of the death of Alicia L. Maskey, JAM has sustained, and is reasonably certain to sustain in the future, damages as follows: JAM has lost the his spouses's services, consortium, companionship, comfort, instruction, counsel and support of which JAM has been deprived by reason of Alicia L. Maskey's death; JAM is entitled to such damages as Alicia L. Maskey suffered between the time of her injury and the time of her death

7

and for the recovery of which Alicia L. Maskey might have maintained an action had her death not ensued, including conscious pain and suffering, and similar damages.

39. As a direct and proximate result of the death of Alicia L. Maskey,  George Schafer and Diane Schafer sustained, and are reasonably certain to sustain in the future, damages as follows:  George Schafer and Diane Schafer have lost their daughter's companionship, services, consortium, comfort, instruction, counsel and support of which  George Schafer and Diane Schafer have been deprived by reason of Alicia L. Maskey's death;  George Schafer and Diane Schafer are entitled to such damages as Alicia L. Maskey suffered between the time of her injury and the time of her death and for the recovery of which Alicia L. Maskey might have maintained an action had her death not ensued, including conscious pain and suffering, and similar damages.

40. As a further direct result of the death of Alicia L. Maskey, Plaintiffs have sustained damages relating to the funeral and burial expenses of Alicia L. Maskey.

WHEREFORE, Plaintiffs pray for judgment against Defendant in such sum as is fair and reasonable in excess of $75,000.00, for court costs herein and for such other and further relief as the Court deems just and proper.

**SPOONER LAW, LLC**

By:_____/s/ Jack B. Spooner_____
JACK B. SPOONER
7733 Forsyth, Suite 2000
Clayton, Missouri 63105
(314) 725-4300  Telephone
(314) 725-4301  Facsimile
EMAIL:  jspooner@primary.net

*Attorneys for Plaintiffs*

8